IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL JOHNSON,                      :
    Plaintiff,                         :
                                       :
v.                                     :          CIVIL ACTION NO. 25-CV-4304
                                       :
JEFFERSON HEALTHCARE, *et al.*,        :
    Defendants.                        :

## MEMORANDUM

PEREZ, J.                                              AUGUST  4 , 2025

    Michael Johnson filed this *pro se* Complaint asserting civil rights claims against Jefferson Healthcare and The Neurology Group Flourtown.  Johnson also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.    FACTUAL ALLEGATIONS[1]

    Johnson's allegations are not easily understood.  He claims that an unnamed doctor bullied him and made personal attacks by writing out "unjust treatment using mental health to silence" him.  (Compl. at 3.)  This doctor was biased and falsified medical records, called him a liar and emotionally unstable, and wrote that any health care provider must consider Johnson unfit and in need of institutionalization.  (*Id*.)  Johnson claims that he lives with "intimidation to blind and cripple" him and the unnamed doctor's "code of conduct & ethics are not blind words to harm a child."  (*Id*.)  He claims his civil rights and liberty were violated and "mental health [was] used to hide & remove unlawful acts."  (*Id*. at 2.)  He claims as injuries bias, ongoing

---

[1] The factual allegations set forth in this Memorandum are taken from Johnson's Complaint.  (ECF No. 1.)  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

physical conditions, and a potential to harm him "with no direct knowledge to create a mental health bias to remove civil liability." (*Id*. at 4.) He seeks money damages, and mentions gross negligence and "unethical treatment related to criminal activity harming myself & child" because the doctor "made it so that I can't report death threats." (*Id*.) Other than listing them in the caption, Johnson never mentions Jefferson Healthcare and The Neurology Group Flourtown in his Complaint.

## II.    STANDARD OF REVIEW

The Court grants Johnson leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Johnson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint

3

is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.    DISCUSSION

Johnson's Complaint fails to allege a plausible civil rights claim.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").  Also, a "defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Johnson names Jefferson Healthcare and The Neurology Group Flourtown as Defendants but his claims against them are not plausible because he does not allege how they were personally involved in any violation of his civil rights.  *Id*.  Any civil rights claim is also implausible because Johnson fails to allege that either Defendant was a state actor who may be held liable under § 1983.[2]

---

[2] Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be

To the extent that Johnson also seeks to assert state law claims for negligence or gross negligence, that claim is also not plausible because he fails to allege how either Defendant acted to breach a duty recognized by law.  Under Pennsylvania law, to state a plausible negligence claim the plaintiff must allege facts to show four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Grossman v. Barke*, 868 A.2d 561, 566 (Pa. Super. Ct. 2005) (citing *Estate of Swift by Swift v. Northeastern Hosp*., 690 A.2d 719, 722 (Pa. Super. Ct. 1997). "[T]he basic elements of that tort must be pled." *Hicks v. Arthur*, 843 F. Supp. 949, 958 (E.D. Pa. 1994). *See also Neuchatel Ins. v. ADT Sec. Sys., Inc*., No. 96-5396, 1998 WL 966080, at *7 (E.D. Pa. Nov. 5, 1998) (stating that "to determine whether the alleged conduct of which a plaintiff had complained might be characterized as gross negligence, a court would first have to consider whether plaintiff has established the essential elements of ordinary negligence under Pennsylvania law").

Because Johnson's claims are unclear and the facts are underdeveloped, the Complaint fails to provide fair notice of the grounds upon which his negligence claims against the Defendants rest, as required by Rule 8.  *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits); *Wright v. United States*, No. 22-1164, 2023 WL 4540469 (3d Cir. July 14, 2023) (*per curiam*) (affirming the District Court's dismissal with

---

recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

prejudice of a *pro se* amended complaint where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them).  In short, it is completely unclear what, if anything, the Defendants Johnson has named did that caused him harm.  No defendant could reasonably be expected to respond to his allegations because they are confused, ambiguous, vague, or otherwise unintelligible.  Accordingly, the Complaint will be dismissed in accordance with Rule 8.  Johnson will be granted leave to file an amended complaint to clearly set out the factual bases of any claim he seeks to present, including this Court's jurisdiction to hear those claims.  An order of dismissal will be entered.

**BY THE COURT:**

**HON. MIA R. PEREZ.**